IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE REED, JR., | ) | |
|     Petitioner, | ) | |
| | ) | |
| V. | ) | 3-05-CV-1427-N |
| | ) | |
| DOUG DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus ruling filed by a State prisoner pursuant to the provisions of 28 U.S.C. § 2254.

Parties: Petitioner is confined in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) serving convictions for aggravated assault and for delivery of a controlled substance. Respondent is the Director of the TDCJ-CID.

Statement of the Case: On January 10, 2002, Reed pleaded guilty to the offense of aggravated assault as charged in the indictments returned in Cause Nos. F00-72663-NR and F01-73851-TR, respectively. Pursuant to the plea agreements, the trial court deferred adjudication of guilt and placed Petitioner on five year terms of probation.

On or about December 4, 2002, a grand jury indicted Reed for the offense of delivery of a controlled substance (cocaine) in Cause No. F02-73751-MR.

On or about December 17, 2002, the State filed motions to proceed with an adjudication of guilt in the aggravated assault cases based upon Reed's drug offense alleged in the indictment in No. F02-73751-MR.

On March 6, 2003, Petitioner pleaded not guilty to the drug offense and not true to the motions to proceed in the probated cases. Having waived trial by jury, the trial court thereafter found him guilty in No. F02-73751-MR and found that he had violated the terms of probation. The court assessed punishment in No. F02-73751-MR at a term of eight years in the penitentiary and imposed 16 year terms in F00-72663-NR and F01-73851-TR.

Reed appealed all three cases which were affirmed by the Court of Appeals for the Fifth District of Texas on April 14, 2004. He did not seek a petition for discretionary review, but filed art. 11.07 applications collaterally attacking each of his convictions on February 17, 2005. On April 27, 2005, the Texas Court of Criminal Appeals denied each application without written order on findings of trial court without a hearing. See Application Nos. 61,842-01, 61,842-02 and 61,842-03 at covers.

Reed then filed three § 2254 petitions in this court in Nos. 3-05-CV-1427-N, 3-05-CV-1428-B and 3-05-CV-1429-B on July 19, 2005, attacking his convictions. Subsequently the latter two cases were transferred to Judge David Godbey, who thereafter consolidated them in No. 3-05-CV-1427-N.[1]

---

[1] The issues raised in Reed's § 2254 petitions are identical and relate to the proceedings which took place in a single state court proceeding on March 6, 2003. See also Rule 2(e), Rules Governing § 2254 cases.

Findings and Conclusions: Petitioner's claims are governed by the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) which provides, in pertinent part that relief may not be granted

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2)

In his two grounds for relief Reed claims that he was denied the effective assistance of counsel by the attorney who represented him at trial on the delivery case and in the revocation of his probated sentences, and by the attorney appointed to represent him in his direct appeals.

The conduct of an attorney is governed by the standard set out in Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must overcome the strong presumption that an attorney rendered adequate assistance by showing both that counsel's conduct fell below the minimum objective standards imposed by the Sixth Amendment (cause) and that such constitutionally deficient performance prejudiced the defense (prejudice). Failure to establish either prong of the Strickland test forecloses relief. Id. at 697. The Strickland test also applies to the performance of an attorney in the context of a direct appeal. See Smith v. Robbins, 528 U.S. 259, 286 (2000).

With respect to the performance of his trial attorney, Reed alleges that she failed to call Johniece Pittman and Lenarion Boston as witnesses in the delivery case. In response to this claim raised in his art. 11.07 applications, the trial court obtained the affidavit of Kalen Donnelly, Reed's

trial counsel. See E.g. Application No. 61,842-01 at 0077-78 with attachments. In her affidavit Ms. Donnelly described her efforts to locate Lenarion Boston in order to issue a subpoena for his presence at trial. She also related that Ms. Pittman was present at Petitioner's trial. In addressing the performance of Ms. Donnelly, the trial court found that the statements in her affidavit were worthy of belief and that the affidavit was dispositive of the claim. Id. at 073, ¶ 2.[2] As noted above, the Court of Criminal Appeals denied relief on the trial court's findings. The findings of the State court are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Accordingly Reed cannot show that his attorney's performance was constitutionally deficient. Moreover, he can show no prejudice by the absence of the testimony of those witnesses. Specifically, although he alleges that these individuals could have corroborated his defense that the police officer with whom he dealt was mistaken in his identification, he did not present any evidence as to what either would have testified to, if called as a witness.

The Fifth Circuit has addressed the issue of uncalled witnesses in the context of ineffective assistance of counsel claims on many occasions. See e.g. <u>Evans v. Cockrell</u>, 285 F. 3rd 370, 377 (5th Cir. 2002), quoting <u>Alexander v. McCotter</u>, 775 F. and 595, 602 (5th Cir. 1985). "In order...to demonstrate the requisite <u>Strickland</u> prejudice, he must show not only that the testimony would have been favorable, but also that the witness would have testified at trial." Reed has not met his burden.

In his second ground Reed complains of the representation afforded by his court-appointed appellate counsel. The record shows that after being appointed in all three cases, George R. Conkey filed motions for leave to withdraw in all three appeals together with briefs stating that no meritorious grounds of error were present. Reed was served with these pleadings and was provided

---

[2]The same affidavit and identical findings were made in Reed's other two art. 11.07 applications.

an opportunity to file pro se briefs. In disposing of the appeals the Fifth Court concurred in Conkey's assessment and affirmed the trial court's judgment.

In his petitions Reed asserts that his appeals counsel should have presented points of error attacking the written judgment filed in the delivery of cocaine case (No. F02-73751-MR) and attacking the sufficiency of the evidence in the other cases in which his probated sentences were revoked. The record reflects that the indictment in No. F02-73751-MR charged Reed with delivery of four or more, but less than 200 grams of cocaine. See No. 05-03-410-CR [F02-73751-MR] Record on Appeal, Vol. One at 02. At trial the State and Reed stipulated that the weight of cocaine was 2.6 grams. See Reporter's Record, Vol. Three at 5-6; State Exh. 1A. At the conclusion of the evidence the court found that Reed had delivered an amount of cocaine which weighed more than one, but less than four grams. Id. at 71. The written judgment filed on March 6, 2003, reflects that Petitioner was convicted of a first degree felony. No. 05-03-410-CR, Record on Appeal Vol. One at 09. In point of fact a delivery offense involving less than four grams is a second degree felony under Texas state law. Texas Health & Safety Code § 481.112(a), (c) (Vernon Ann. 2003). Notwithstanding this erroneous entry in the written judgment, the eight year sentence imposed was within the range of punishment provided for a second degree felony. Tex. Pen. Code § 12.33 (Vernon 2002).

Although the error in the written judgment was not raised on appeal Reed cannot demonstrate prejudice. Under Texas state law where a written judgment contains an erroneous recitation an appellate court has the authority to reform and correct the written judgment. See e.g. Abron v. State, 997 SW 2nd 281 (Tex. App.-Dallas 1998); Silva v. State, 989 SW 2nd 64, 66 (Tex. App.-San Antonio 1998, pet ref'd). However, such a reformation in Petitioner's case would have

neither affected his conviction nor the sentence imposed in No. F02-73751-MR. Moreover, the record reflects that the state court corrected the judgment in a nunc pro tunc order filed on March 31, 2005 thereby rendering Reed's claim moot. See App. 61, 842-01 at 104-106, 108.

Insofar as Reed claims that appellate counsel should have asserted insufficiency of the evidence claims in the probation revocation cases, the same is equally unavailing. Under Texas state law, an order revoking probation can be reversed only upon a finding that the trial court abused its discretion. See e.g. Lloyd v. State, 574 SW 2nd 159 (Tex. Crim. App. 1978). It is clear from the evidence presented to the trial court, establishing that Reed engaged in a delivery of illegal drugs barely nine months after he was placed on deferred adjudication probation, that any claim that the trial court abused its discretion would have been patently frivolous.

## Conclusion

In applying the requirements of 28 U.S.C. § 2254(d) a federal court is to review only a state court's decision, not the reasons stated for the ultimate decision reached. See Summers v. Dretke, 431 F. 3rd 861, 868 (5th Cir. 2005); Pondexter v. Dretke, 346 F. 3rd 142, 148 (5th Cir. 2003); and Santellan v. Cockrell, 271 F. 3rd 190, 193-94 (5th Cir. 2001). Reed has failed to satisfy the requirements of either § 2254(d)(1) or (2) with reference to the Court of Criminal Appeals' decisions denying relief on his ineffective assistance of counsel claims.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation will be transmitted to counsel for the parties.

_WM. F. Sanderson, Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.